O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BAYER WISHMAN & LEOTTA, | ) | Case No. EDCV 13-01431 DDP |
| | ) | |
| Appellant, | ) | [US Bankruptcy Court Riverside, |
| | ) | 6:10-19811 WJ] |
| v. | ) | |
| | ) | **ORDER AFFIRMING AWARD OF** |
| ROD DANIELSON, Chapter 13 | ) | **BANKRUPTCY COURT** |
| Trustee and TYRONE MACEY, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |
| _____ | ) | |

Presently before the Court is an appeal filed by Appellant

Bayer Wishman & Leotta ("Appellant") of an award of attorney's fees

by the Bankruptcy Court (Riverside Division). Having considered the

submissions of the parties, this Court affirms the Bankruptcy

Court's award.[1]

cc: US Bankruptcy Court & US Trustee's Office

---

[1] Note that this order mirrors an order issued
contemporaneously in In re Walker, EDCV-13-01430-DDP, which
involves a parallel appeal on the same issue.

**I.     Background**

Appellant, who is counsel for debtor Tyrone Macey in a Chapter 13 bankruptcy case, appeals the Bankruptcy Court's partial denial of an application for attorney's fees and costs for services performed on behalf his client. In particular, Appellant sought fees and costs incurred in the preparation of a Status Report required by an order of the Court issued on April 23, 2013. (See Opening Brief, Excerpt of the Record ("E.R.") Tab 6 at 46-50.) The required Status Report presented information and documentation concerning payments of claims which the debtor's chapter 13 plan provided would be paid by the debtor. (Id.)

Appellant's Application for Supplemental Fees, filed with the Bankruptcy Court on July 2, 2013, sought $1,195.86, including $1,120 in fees and $75.86 in costs, in connection with its preparation of the Status Report. (E.R. Tabs 9 and 10 at 99-116.) The Application and supporting memorandum justified the fees sought solely on the basis of the attorney's hourly rate of $350 and the number of hours of work performed carrying out various tasks in preparing the Status Report; no other information was presented to demonstrate the reasonableness of the fees sought for the task at issue. Id.)

On July 3, 2013, the Trustee filed an objection to the application. (See E.R. Tab 12 at 122.) The Trustee argued that "[t]he fees requested for these tasks exceed the usual and customary standard for fees for similar tasks in this district and the division" and that "counsel has submitted no evidence that the fees are reasonable, and no evidence that these tasks were 'out-of-

1 | the-ordinary' warranting the higher fees requested." (<u>Id.</u>) The
2 | Trustee recommended the approval of $600 in fees and costs. (<u>Id.</u>)
3 |     The Bankruptcy Court held a hearing on the fee application on
4 | July 29, 2013. During the hearing, the Court heard arguments
5 | regarding the fee request in the instant case as well as an
6 | application by the same attorney for supplemental fees for the same
7 | task in <u>In re Kevin Walker</u>, EDCV13-01430-DDP. As further described
8 | below, during the hearing, the Court presented the results of its
9 | own independent investigation to assess the reasonableness of
10 | Appellant's supplemental fee request, which involved analysis of
11 | 125 cases in which bankruptcy counsel sought supplemental fees
12 | before the Riverside Division for the same task. (<u>See</u> E.R. Tab
13 | 13(a) at 129-33.) The Court found, on the basis of this analysis,
14 | that, despite the high quality of Appellant's Status Report, the
15 | fees sought by Appellant were excessive. (<u>Id.</u>) The Court approved
16 | fees and costs in the amount of $600. (<u>Id.</u> at 129.)
17 |     Appellant appealed the Bankruptcy Court's award and Appellee
18 | moved to transfer the appeal to this Court on August 8, 2013.
19 |
20 | **II.   Standard of Review**
21 |     This Court will not disturb a bankruptcy court's award of
22 | attorneys' fees "absent an abuse of discretion or an erroneous
23 | application of the law." <u>In re Eliapo</u>, 468 F.3d 592, 596 (9th Cir.
24 | 2006) (citing <u>In re Nucorp Energy, Inc.</u>, 764 F.2d 655, 657 (9th
25 | Cir. 1985)). The Court "will not reverse an award of fees unless it
26 | has a definite and firm conviction that the bankruptcy court
27 | committed clear error in the conclusion it reached after weighing
28 | all of the relevant factors." <u>Id.</u>

**III. Discussion**

The gravamen of Appellant's appeal is that the Bankruptcy Court erred in not approving the full amount of fees sought by Appellant by declining to use the "loadstar" method, which was the basis for the Appellant's requested fees. This Court disagrees.

The Bankruptcy Court for the Central District of California provides for use of a court-approved Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys ("RARA") (form F. 3015-1.7.RARA). Use of a RARA is optional. If a RARA is used, and the attorney seeks fees for certain tasks set forth in bold font in the RARA in an amount that does not exceed specified maximums ($5,000 in a case in which the debtor is engaged in a business; $4,000 in all other cases), such fees may be approved by the court without the need for the attorney to file any further fee application or to hold any hearing. Local Bankruptcy Rules ("LBR") 3015-1(v)(1)-(2) and Appendix IV. These are customarily referred to as "no look" or "presumptive" fees.

If the attorney performs tasks on behalf of the debtor not set forth in bold type in the RARA, the attorney may apply to the court for supplemental fees and costs. LBR 3015-1(v)(1). However, such applications are reviewed by both the chapter 13 trustee and the court. Id. The application must be filed in accordance with 11 U.S.C. §§ 330 and 331, Rules 2016 and 2002 of the Federal Rules of Bankruptcy Procedure, and LBR 2016-1 and 3015-1, as well as the "Guide to Applications For Professional Compensation" issued by the United States Trustee for the Central District of California. LBR 3015-1(5).

1    In the present case, Appellant filed an application for

2 supplemental fees for preparation of the Status Report, which it

3 contends was not encompassed within the tasks listed in bold type

4 in the RARA. Appellant contends that the Court should have used the

5 loadstar method, whereby the number of hours reasonably expended is

6 multiplied by a reasonable hourly rate for the person performing

7 the services, to determine its fees. (Opening Brief at 14.)

8    11 U.S.C. §330(a) provides that courts may determine

9 "reasonable compensation" considering "the nature, the extent, and

10 the value of such services, taking into account all relevant

11 factors, including--

12    (A) the time spent on such services;
     (B) the rates charged for such services;
13    (C) whether the services were necessary to the administration
         of, or beneficial at the time at which the service was
14        rendered toward the completion of, a case under this
         title;
15    (D) whether the services were performed within a reasonable
         amount of time commensurate with the complexity,
16        importance, and nature of the problem, issue, or task
         addressed;
17    (E) with respect to a professional person, whether the person
         is board certified or otherwise has demonstrated skill
18        and experience in the bankruptcy field; and
     (F) whether the compensation is reasonable based on the
19        customary compensation charged by comparably skilled
         practitioners in cases other than cases under this
20        title."

21 11 U.S.C. §330(a). "The court may . . . award compensation that is

22 less than the amount of compensation that is requested." §330(b).

23    As both parties recognize, "the customary method for assessing

24 an attorney's fee application in bankruptcy is the 'lodestar.'"

25 In re Eliapo, 468 F.3d 592, 598 (9th Cir. 2006). "However, the

26 lodestar method is not mandatory." Id. (citing Unsecured Creditors'

27 Comm. v. Puget Sound Plywood, Inc., 924 F.2d 955, 960 (9th Cir.

28 1991) ("Although [In re Manoa Finance Co., 853 F.2d 687 (9th Cir.

1   1988),] suggests that starting with the 'lodestar' is customary, it

2   does not mandate such an approach in all cases."); In re Busy

3   Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 856 (3d Cir. 1994) ("While

4   bankruptcy fees are commonly calculated using the lodestar method,

5   ... § 330 by no means ossifies the lodestar approach as the point

6   of departure in fee determinations.").)

7        "It is well settled that the burden is on the attorney

8   claiming a fee in a bankruptcy proceeding to establish the value of

9   his services." In re Gianulias, 111 B.R. 867, 869 (E.D. Cal. 1989).

10  As the Supreme Court has stated, a party seeking fees must provide

11  "satisfactory evidence" that its fees "are in line with those

12  prevailing in the community for similar services by lawyers of

13  reasonably comparable skill, experience and reputation." Blum v.

14  Stenson, 465 U.S. 886, 896 (1984). See also LBR 3015-1(v)(2)

15  (stating that an application for supplemental attorney's fees "must

16  be supported with evidence of the nature, necessity, and

17  reasonableness of the additional services rendered and expenses

18  incurred.")

19      Where a party seeking fees has not provided sufficient

20  evidence of the reasonableness of its fees, a trial court is

21  entitled substantial discretion in determining appropriate fees and

22  costs. See In re Gianulias, 111 B.R. 867, 869 (E.D. Cal. 1989)

23  (noting that it is "reasonable to allow trial court judges

24  substantial flexibility" in calculating fees and noting that

25  bankruptcy judges may devise various ways to determine fees where

26  applications are deficient); In re Lock Shoppe, Inc., 67 B.R. 74

27  (E.D. Pa. 1986) (disregarding itemized entries in a fee application

28  that did not justify the hourly rate and was otherwise deficient

1   and awarding fees based on the court's own assessment of the value

2   on the services); Matter of U.S. Golf Corp., 639 F.2d 1197, 1207-08

3   (5th Cir. 1981) ("We have long recognized the importance of the

4   bankruptcy judge's closeness to issues raised in an application for

5   attorneys fees . . . . Consequently, a bankruptcy judge has wide

6   discretion in the awarding of attorneys fees.")

7        In the present case, Appellant's supplemental fee application

8   did not contain any information to demonstrate the reasonableness

9   of the fees for the particular task at issue. (See E.R. Tabs 9 and

10  10 at 99-122.) In the absence of such evidence, the Court conducted

11  its own independent study to determine a reasonable fee in which it

12  compiled information concerning 125 cases where fee applications

13  were filed in the Riverside Division seeking compensation for the

14  same task (preparing a Status Report). (E.R. Tab 13(a) at 129-33.)

15  It concluded that the fees requested by Appellant of $1,195.86 were

16  substantially higher than was typical for the same task.

17  Specifically, the Court found that Appellant's request was more

18  than double the average fee requested of all 125 cases ($565) and

19  the average allowed ($551). (Id. at 131.) It further noted that in

20  89 of the 125 cases, fees requested were $600 and were approved at

21  that amount; that fee applications in only 11 of the cases exceeded

22  $600 and in only 3 cases exceeded $800; and that there were no

23  other applications besides Appellant's where the fee sought

24  exceeded $1000. (Id.) The Court additionally noted that it was not

25  convinced that all of the services for which Appellant sought fees

26  fell outside of the basic (non-bold face) responsibilities listed

27  in the RARA and were thus separately compensable. (Id. at 133.) On

28  the basis of these observations, the Court concluded that, despite

7

1 the high quality of Appellant's work, Appellant's requested fees

2 were unreasonable for the task at issue and determined that an

3 appropriate fee, as recommended by the Trustee, was $600. (Id. at

4 4.)

5      This Court finds that the Bankruptcy Court did not err or

6 abuse its discretion, but instead followed a reasonable approach

7 and reached a reasonable conclusion as to the value of the services

8 at issue based on the information available.

9

10 **IV.   Conclusion**

11      For the reasons stated herein, the Bankruptcy Court's award of

12 attorney's fees in the instant matter is hereby affirmed.

13

14 IT IS SO ORDERED.

15
Dated: August 22, 2014

16                                  DEAN D. PREGERSON
                                   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28